IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY R. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-239E |
| | : | |
| vs. | : | Hon. Maurice B. Cohill, Jr. |
| | : | |
| PENNSYLVANIA STATE POLICE, AN AGENCY OF THE COMMONWEALTH OF PENNSYLVANIA, | : : : | |
| | : | Electronically Filed |
| Defendant. | : | |

**PLAINTIFF'S PRE-TRIAL STATEMENT**

AND NOW, comes Plaintiff, Billy R. Williams, by and through his counsel, Neal A. Sanders, Esquire, and Dirk D. Beuth, Esquire, of the Law Offices of Neal A. Sanders and files Plaintiff's Pre-Trial Statement and states as follows:

### I.  Factual and Legal Contentions.

**A.  Factual Contentions.**

1.  Billy R. Williams ("Williams") began his employment with the PSP on May 22, 1969, when he was admitted to the Pennsylvania State Police Training Academy as a Cadet. Williams graduated from the Academy on August 14, 1969, and was assigned to Troop D (Butler), in Butler, Butler County, Pennsylvania, as a Trooper. More specifically, Williams was assigned to the Patrol Section at Butler Headquarters.

2.  In May of 1970, Williams transferred to what was then designated as Troop S in Meadville, Crawford County, Pennsylvania. Troop S was a Patrol Section that had

responsibility for patrolling Interstate Highway 79 (I-79) from Meadville to Erie.  Williams remained with Troop S in Meadville for eleven years and was then transferred to DuBois, Clearfield County, Pennsylvania, for a brief period of time, after which he was promoted to Corporal and assigned as a Patrol Corporal to a PSP Troop in Lock Haven, Clinton County, Pennsylvania.

    3.   After six months in Lock Haven, Williams was transferred at his request to Troop E (Erie) in Erie.  Williams was assigned as a Patrol Corporal with the Patrol Section of the Corry Station.  Soon thereafter, in January of 1984, Williams was promoted to Sergeant and assigned to Troop E (Erie) Headquarters as a Patrol Sergeant with the Patrol Section.  Approximately one year later, Williams applied for and was awarded a Staff Sergeant position at Troop E (E) Headquarters.

    4.   Williams held this position until he was promoted to Lieutenant and assigned as a Staff Lieutenant with Troop M in Bethlehem, Northampton County, Pennsylvania.  Williams remained with Troop M from May of 1990 until February of 1992.  At that time, Williams requested transfer back to northwestern Pennsylvania and was assigned to Troop D (Butler) where he was made the Station Commander at the New Castle Station.  Approximately one year later, Williams requested a transfer and was made the Station Commander at the Mercer Station, also with Troop D (Butler).  Williams remained as the Station Commander at

the Mercer Station from March or April of 1993 until September 11 of 2000. On that date, Williams was transferred to Troop D (Butler) Headquarters, where he was assigned as Special Projects Officer. On January 20, 2001, Williams was transferred to Troop E (Erie), where he was assigned as a Staff Lieutenant at Troop E (Erie) Headquarters.

    5.   Williams faced mandatory retirement on December 25, 2005, when he reached the age of 60.

    6.   While employed with the PSP, Williams has received several promotions. He was promoted to Corporal in 1982, was promoted to Sergeant in 1984, and was promoted to Lieutenant in 1992. Williams has never applied to take the test for Captain, and, therefore, was not eligible for promotion to that rank. Williams also received several commendations for his service with the PSP.

    7.   As a Patrol Corporal, Plaintiff supervised 17 or 18 Troopers. As Patrol Sergeant, Plaintiff supervised 47 Troopers and 6 Foreman.

    8.   The September 11, 2000 transfer to Troop D Headquarters in Butler and the January 20, 2001 transfer to Troop E in Erie were involuntary.

    9.   Billy R. Williams is an African-American who, at all times relevant hereto, has held the rank of lieutenant with the Pennsylvania State Police and was a member of the Troopers

Association.

10. Plaintiff's cause of action arises out of two grievances processed to arbitration by the Pennsylvania State Troopers Association ("PSTA") on behalf of Lt. Billy R. Williams ("Williams") against the Commonwealth of Pennsylvania, Pennsylvania State Police ("PSP").

11. The first grievance, D-200, contested the September 11, 2000 transfer of Williams by the PSP from Troop D Mercer to Troop D Butler as a disciplinary transfer.

12. The second grievance, D-203, contested the January 2, 2001 imposition of a ten (10) day suspension and a disciplinary transfer from Troop D Butler to Troop E Erie. As part of the remedy, Williams sought to be transferred back to the Mercer station.

13. The balance of the relevant facts are set forth in Court ruling in this case denying Summary Judgment.

14. The hostile work environment continued into the years at Mercer 1993 to 2000 then onto Butler 2000 through 2001 then to Erie 2001 - 2005.

15. The racial discrimination became at its worst from 1998-1999 through December 2005.

**B. Legal Contentions.**

1. Plaintiff has established a prima facie case of race discrimination under conditions amounting to a hostile work

environment.  The plaintiff will establish at jury trial the following elements:

    (1)    that the plaintiff suffered intentional discrimination because of his or her membership in a protected group; (Race herein)

    (2)    that the discrimination was severe and pervasive;

    (3)    that the discrimination detrimentally affected the plaintiff;

    (4)    that the discrimination would have detrimentally affected a reasonable person of the same protected class in the same position as the plaintiff; and

    (5)    that there is a basis for vicarious liability.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990); Walton v. Mental Health Ass'n, 168 F.3d 661, 667 (3d. Cir. 1999); E.E.O.C. v. Union Camp Corp., 7 F.Supp.2d 1362, 1373 (S.D.Ga. 1997).  See also, Naia v. Deal, 13 F.Supp.2d. 1369, 1375 (S.D.Ga. 1998); Hudlestown v. Roger Dean Chevrolet, Inc., 845 F.2d 900, 903-4 (11th Cir. 1988).

    2.    To establish the element of a claim of hostile work environment/harassment, (race) all that a plaintiff is required to show is that race was a substantial factor in the harassment, and that if the plaintiff had been white he would not have been treated in the same manner.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1083 (3d Cir. 1996).

3.  Although the Defendant has offered a non-discriminatory reason for the treatment of Plaintiff by Defendant the Plaintiff will establish at trial that these reasons are a pretext for race discrimination.

4.  The Plaintiff will challenge the employer's defense by showing that it was merely pretext for discrimination.  See Colgan v. Fisher Scientific Co., 935.F.2d 1407 (3d Cir. 1991); Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir.), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct 26 (1987); Gray v. York Newspapers, Inc., 957 F.2d 1070 (3d Cir. 1992); Trans World Airlines, Inc. V. Thurston, 469 U.S. 111 (1085); McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).

5.  In addition, Plaintiff has established a prima facie case of Race Discrimination – Disparate Treatment type.  In addition to the hostile work environment claim, the complaint filed in this action and the charge filed with the PHRC on April 16, 2001 also asserts claims of disparate treatment.

Under the burden-shifting analysis set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 36 L.Ed. 2d 668, 93 S.Ct. 1817 (1973), a plaintiff claiming unlawful discrimination under Title VII must first establish a prima facie case. (Similarly, "[t]he allocation of the burden of proof for federal retaliation claims follows the familiar Title VII standards. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).)

The specific items of proof required in making out a prima facie case vary with the factual setting. McDonnel Douglas, 411 U.S. at 802 n. 13.

The elements that form the prima facie case in a situation not involving discharge are:

    (1)  plaintiff is a member of a protected class;

    (2)  plaintiff was qualified for the position in question;

    (3)  plaintiff was subjected to an adverse employment action;

    (4)  the plaintiff was subjected to the adverse employment action under circumstances giving rise to an inference of discrimination.

Berndt v. Kaiser Aluminum & Chemical Sales, Inc., 789 F.2d 253, 257 (3d Cir. 1986); Massarsky v. General Motors Corp., 706 F.2d 111, 118 (3d Cir. 1983), *cert. den'd*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); Bullock v. Children's Hospital, 71 F.Supp.2d 482, 487 (E.D. Pa. 1999).

## II. WITNESSES

### A. Liability

1. Lt. Billy R. Williams
   650 West Tenth Street
   Erie, PA 16502

2. Cpl. Patrick Whalen
   c/o Pennsylvania State Police
   4320 Iroquois Avenue
   Erie, PA 16514

3.  Jack Cline, Attorney
    101 South Pitt Street
    Mercer, PA 16137

4.  Trooper Robert Perrine
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

5.  M. Tuzynski
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

6.  Captain Sidney Simon
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

7.  Terry Seilhaimer
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

8.  Erby Conley
    4209 Maplegrove Drive
    Erie, PA 16510-6603

9.  Paul Evanko
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

10. Attorney Craig Markham
    Erie, PA

11. Sgt. Anderson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

12. PSP EEOC - Virginia Smith
    Harrisburg, PA

13. Lt. Johnson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

14. Major W. Jon Pudliner
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

15. Francis Grolemund
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

16. Sgt. David Julock
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

17. Dr. Robert Nelson
    Erie, PA

18. Dr. Lance Besner
    Erie, PA

19. Reynold Wells

20. Terence A. Whalen
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

21. Donald Carnahan
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

22. Robert Schrantz
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

23. Robert Titler
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

24. Dominick J. Carmona
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

25. Robert A. Martin
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

26. Randy Anderson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

27. Louis Lazzaro
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

28. Dean Lawrence
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

29. Russell Wolfson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

30. Commander Jeff Miller
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

31. Sandra L. Fischer
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

32. Timothy Callahan
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

33. Harry Gustafson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

34. James Tripp
    c/o Pennsylvania State Police
    4320 Iroquois Avenue

```
          Erie, PA 16514

35.   Brian Simpson
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

36.   Jon McClain
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

37.   James Leach II
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

38.   Steven R. Sheldon
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

39.   Henry C. Moretti
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

40.   Richard Mills
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

41.   Steven B. Gillin
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

42.   Rodney Patterson
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514

43.   Michael Hample
      c/o Pennsylvania State Police
      4320 Iroquois Avenue
      Erie, PA 16514
```

44. Jerry Wilson
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

45. David Kelly
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

46. Ray Melder
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

47. Hawthorne Conley
    c/o Pennsylvania State Police
    4320 Iroquois Avenue
    Erie, PA 16514

48. Todd Johnson

49. Doug McGee

50. _____ Kay

51. Michael Presnar

52. James Sheldon

    Any and all witnesses necessary for the identification
    and/or authentication of documents or things.  Also,
    Plaintiff reserves the right to call any witness listed on
    Defendant's Pre-trial Statement.

**B.     Damages**

1. Lt. Billy R. Williams
   650 West Tenth Street
   Erie, PA 16502

2. Dr. Robert Nelson
   Erie, PA

3. Dr. Lance Besner
   Erie, PA


**C.     Damages Expert**

   None - Treating physicians only


See attached Medical Records of Plaintiff.  Also see report of Dr. Lance Besner dated October 17, 2000. - not filed with Court to protect privacy.  Copied to Defendant's attorney with this Pretrial Statement.  Already produced during discovery.

Plaintiff reserves the right to call at time of trial any witness listed on the Defendant's witness list.


### III. EXHIBITS

1. June 5, 2000 letter from Attorney Markham to Police Comm. Evanko - too many staff meetings;
2. Grievance D-203 - overtime - Mercer Station issue - Captain Simon;
3. February 23, 2000 memo from Captain Simon to Plaintiff;
4. Plaintiff performance evaluations 1994 through 1999;
5. Attorney J. Cline letter to Captain Simon dated February 10, 2000 - re: Trooper Perrine;
6. September 15, 2000 Summary Report - by Captain Simon;
7. February 9, 2000 memo Corporal. Whalen quote issue;
8. February 9, 2000 Sup. Notation to Whalen;
9. February 1, 2000 memo - Sgt. Anderson to Whalen;
10. Summary Report and Opinion - steady midnight - quota issue;
11. February 9, 2000 memo Plaintiff to Personnel at Mercer Station;
12. Simon NT;
13. September 15, 2000 - Captain Simon - summary report;

14. Plaintiff 10 day supervision - on hold - grievance filed;
15. Rescinded supervision of Plaintiff;
16. Transfer of Plaintiff by Simon from Mercer, PA to Butler, PA - September 11, 2000;
17. Transfer approval by Seilhaimer;
18. Special Projects Officer Position;
19. Internal Investigation - quotes - at Mercer, PA station;
20. Plaintiff Performance Evaluation - May 2000;
21. July 17, 2000 memo from Sgt. Anderson to Captain Simon;
22. January 20, 2001 transfer of Plaintiff;
23. McClain - lack of discipline - Erby Conley;
24. Internal complaint of discrimination filed by Plaintiff (1994- 1998);
25. 1994 transfer - Crime Lt. Position - Plaintiff;
26. Grievance No. D - 200 - civil rights by Plaintiff;
27. Plaintiff - January 16, 2003 Memo - to Pudliner;
28. Form SP1 - 101 - Plaintiff filed - submitted;
29. Minutes/Memo August 1999 staff meetings by Simon;
30. September 27, 2000 Article - Sharon Herald - No quota at Mercer Station by Captain Simon;
31. September 19, 2000 memo by Plaintiff - re: quota to Captain Simon;
32. District Attorney letter dated June 26, 2000 - Mercer County - re: no quota;
33. PSP Special Order;
34. February 28, 1995 memo-elimination of permanent night shift;
35. Dr. Robert Nelson - medical treatment records of Plaintiff;
36. Dr. Lance Resner - medical treatment records of Plaintiff;
37. November 8, 2005 Post Gazette Article - Trooper sues, says he's victim of ticket quota;
38. 2004 grievance by Plaintiff with email attachment - Operation Stonegarden
39. Operation Stonegarden papers
40. Counsel letter of August 19, 2004
41. Article - Quota Case isn't criminal - DA says
42. PHRC Complaint April 16, 2001
43. February 3, 2000 Staff Meeting notes
44. Staff Meetings notes October 26, 1999
45. Plaintiff Response to Summary Report dated September 19, 2000
46. February 18, 2000 - memo - Williams to Simon - Att. S. - R.W. Smith incident D3-0894363
47. 1999 Mobile Unit Logs - September 1999 through December 1999
48. Statistics - 1996 Whalen to Williams September 6, 1996
49. Medical Report of Dr. Lance Besner, M.D. - dated October 17, 2000 and updates contained in treatment records - (Exh. 36)
50. Racial Cartoon / Encyclopedia about Plaintiff
51. Diary by Plaintiff - November 2003 through March 29, 2004

```
52.   History Memo - November 15, 1993 - race
53.   1997 Memo Kevorkian to Lt. Williams - Summary of Events
54.   Gift Certificate to Plaintiff RE: Kevorkian M.D. "Good For
      One Visit" From Everyone
55.   Supervisor Meeting Summary - October 26, 1999
56.   Notes - Meeting August 25, 1999
57.   February 14, 2000 - Memo
58.   Adm. Warning - Invest. - Carnahan - August 4, 2000
59.   Titler discrimination - January 2, 2001
60.   Staff Meeting Notes February 2, 2000
61.   Disc. Action Report September 20, 2000
62.   Craig Markham letter dated June 7, 2000
63.   1992 / 1993 / 1994 / 1995 / 1996 / 1997 evaluations
64.   1998 / 1999 evaluations
65.   Opinion and Award - Symonette September 2002
66.   Grievance - September 15, 2000
67.   January 16, 2003 - Memo
68.   March 27, 1999 - Memo - Corporals assigned to work zone
      assignments
69.   September 12, 2001 memo letter from Williams to Caputo
70.   April 5, 2001 letter - Williams to Caputo
71.   February 22, 2000 Troop Conf. Notes
72.   Sup. Not. - August 13, 1999
73.   Sup. Not. - August 13, 1999 #2
74.   December 3, 1999 - Sup. Not.
75.   FOP Meetings Notes August 25, 1999
76.   January 11, 2000 Staff Meeting
77.   Station Stats - August 18, 1999
78.   January 2, 2001 - Discipline toward Plaintiff by Titler
79.   Grievance Summary Form - D-200 dated September 15, 2000 by
      Plaintiff
80.   S. Simon - Harassment - March 9, 2000 e-mail
81.   March 10, 2000 - Williams Response memo - Cpl. Rossman
82.   EEOC - Charge 172A201232 filed 2002
83.   April 28, 2001 letter to Caputo with attachment
84.   June 15, 2000 email and attachment
85.   Letter to Caputo dated October 18, 2001
86.   Sid Simon - harass Plaintiff - February 29, 2000
87.   March 3, 2000 memo Plaintiff to Sid Simon
88.   2000 / 2001 Communications with Caputo - Lazzaro
89.   Transfer for Plaintiff - personnel file
90.   Suspension upheld 2001 - 10 days
91.   Complaint against Sid Simon by Erby Conley - December 2002
92.   Memo January 22, 2003 - Conley re: Simon
93.   June 7, 2000 Markham letter with attachments
94.   Sid Simon - confirming harassment of Plaintiff by Trooper
      Sheldone - dated 1999
95.   July 19, 2000 - Williams to Seilhaimer
```

96. Written responses from Mercer Station officers to quota investigation
97. Billy Williams Statement - Internal Investigation
98. Grievance D-138 - D-140 letter from Williams - Seilhaimer - October 3, 1994
99. March 6, 2000 - Sid Simon Statistics
100. Billy Williams - Use of Force or Complaint against Sidney Simon
101. Personnel Meeting with Commander - October 13, 2001 from Billy Williams
102. September 7, 2000 transfer
103. Brian Simpson / Jon McClain - Complaint 2002
104. Julock / Rossman Complaint
105. Request for Meeting with Commander by Seilhaimer / Erby Conley for Billy Williams March 31, 2003
106. January 13, 2003 letter to Earle by Pudliner
107. Letter to Gov. Schweiher by Williams dated November 24, 2002
108. May 19, 1997 - Memo - Williams to Seilhaimer RE: Flyer - Dr. Jack Kevorkian
109. Whalen disruption at Mercer Station - memo - March 20, 1996
110. Transcript - Comm. Ct. - <u>Williams v. State Police 458 M.D. 2000</u>   October 19, 2000
111. Transfer - Rules / Regulations
112. Sandra Fischer - memo and response - Sid Simon RE: Mercer Station - January 6, 2002
113. Performance Evaluation - Billy Williams - 2001-2004
114. Tax Returns - Plaintiff - 1998-2005

## IV. DAMAGES SUMMARY

Compensatory damages for years of bullying / and racial harassment. In addition, lost overtime in Erie, Pennsylvania and pension loss. Plaintiff will testify as to the economic wage losses and he will also testify on the compensatory damages / emotional distress /physical harm / injury he suffered as a result of the discrimination / hostile work environment.

## V.   UNUSUAL LEGAL ISSUES (AFFIRMATIVE)

At this time, Plaintiff does believe there is an unusual legal issue in the within case.  Plaintiff intends to ask that the jury trial be held in Pittsburgh, Pennsylvania rather then in Erie, Pennsylvania.  Plaintiff contends a jury selected only from Erie County, Pennsylvania will not fairly represent a racially mixed group.  A fair trial will therefore be missing unless the jury trial is held in Pittsburgh, Pennsylvania.  This change in venue for jury trial purposes only will result in a jury pool covering 6/7 counties.

## VI.   DISCOVERY DEPOSITIONS

1.   Billy Williams
2.   Matthew Tuzynski
3.   Erby Conley

These discovery depositions shall be used exclusively for the purpose of rebuttal and / or impeachment, as all of the deponents will be available to testify in person.

However, should any of the deponents listed above not be available to testify in person at the time the trial, the Plaintiff asks that the entire deposition transcript of each individual be read into the record.

## VII.  SETTLEMENT NEGOTIATIONS

Plaintiff wishes to try this case.  A settlement will not clear his good name.

## VIII.  TRIAL TIME

Plaintiff estimates that Plaintiff's case in chief will take approximately three (3) days to complete at the jury trial of the within matter.

                                        Respectfully submitted,

                                        LAW OFFICES OF NEAL A. SANDERS

Dated: April 30, 2007          By:/s/Neal A. Sanders
                                        Neal A. Sanders, Esquire
                                        PA ID NO. 54618
                                        Co-Counsel for Plaintiff,
                                        Billy R. Williams

                                        By:/s/Dirk D. Beuth
                                        Dirk D. Beuth, Esquire
                                        PA ID NO. 76036
                                        Co-Counsel for Plaintiff,
                                        Billy R. Williams

                                        1924 North Main Street Ext.
                                        Butler, Pennsylvania 16001
                                        (724) 282-7771