IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY R. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-239E |
| | : | |
| vs. | : | Hon. Maurice B. Cohill, Jr. |
| | : | |
| PENNSYLVANIA STATE POLICE, AN AGENCY OF THE COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | Electronically Filed |
| Defendant. | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE EEOC AND PHRC INVESTIGATIONS AND DETERMINATIONS PURSUANT TO RULES 401-403 AND 802 OF THE FEDERAL RULES OF EVIDENCE**

### I.  Statement of Relevant Facts.

In this action, Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* against the Defendant.  Specifically, Plaintiff claims that the Defendant subjected him to a hostile environment because of his race and that the Defendant discriminated against him because of his race when it transferred him in September 2000 and January 2001 to less prestigious positions with substantially different material responsibilities.

Prior to bringing this action, Plaintiff timely exhausted his administrative remedies with the Equal Employment Opportunity Commission (EEOC). By letters dated April 14, 2003, May 5, 2003, and October 6, 2003, the EEOC and PHRC issued the following determinations on a form letter:

> Based upon the Commissions investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes.

Plaintiff believes that the Defendant intends to introduce the EEOC and PHRC determination letters or evidence pertaining to these determinations, such as details of the EEOC's and PHRC's investigations of the charge, at the trial of this matter to support its contention that the decisions, actions, and omissions in question were not motivated by discriminatory animus. For the reasons set forth herein, the EEOC and PHRC determination letters and any evidence relating thereto should be excluded.

## II.  Argument.

**A. Evidence Relating To The EEOC And PHRC Determinations Should Be Excluded Under Rules 401-403 And 802.**

At trial, Defendant may attempt to offer into evidence information regarding Plaintiff's administrative complaint to the EEOC, the EEOC's and PHRC's investigations of the matter, and/or the agencies' subsequent determinations. All such evidence should be barred.

First, any documents pertaining to the administrative investigations and determinations, including the Determinations and Notice of Right to Sue, are inadmissible under Federal Rule of Evidence 401-403 because the prejudice substantially outweighs any probative value. The purpose of this trial is to engage in a *de novo* consideration of each party's evidence. This purpose will be frustrated if evidence relating to the administrative agencies' determinations are admitted, as evidence of these determinations would unquestionably influence the jury in Defendant's favor.

The only means available to limit this influence would be engaging in a trial within a trial to demonstrate the insufficiencies inherent in the investigative process of the administrative agencies. Such insufficiencies include the following: witnesses are merely interviewed, not placed under oath; the parties are unable to examine or cross-examine witnesses; the investigator chooses the individuals that are interviewed and may miss key witnesses; necessary and relevant documents may or may not be requested, reviewed or considered by the investigator; and the EEOC and PHRC are not required to state the basis for its factual and legal findings. To conduct such a trial within a trial would run contrary to judicial efficiency and economy as it would require placing the administrative agencies' personnel who conducted the investigations on the

witness stand.

It is for these reasons that numerous courts have found evidence relating to the findings and determinations of the EEOC to be inadmissible.  *See Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089. 1099, n.12 (3d Cir. 1995) (no abuse of discretion for trial court to exclude EEOC's determination letter finding no probable cause); *Walton v. Eaton* Corp., 563 F.2d 66, 75 (3d Cir. 1977) (same); Angelo *v. Bacharach Instrument Co.*, 555 F.2 1164, 1176 (3d Cir. 1977) (exclusion confirmed because trial judge could have concluded that the determination had minimal probative value that was substantially outweighed by the dangers of unfair prejudice); *Lathem v. Dept. of Children and Youth Servs.*. 172 F.3d 786, 791-92 (11th Cir. 1999)(EEOC no cause letter excluded where EEOC failed to interview certain witnesses and review certain documents); *Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993)(excluding state agency's findings because only purpose of admission would be to suggest to jury that it reach same conclusion).

By reason of the foregoing, this Court should find that the any evidence relating to the EEOC and PHRC investigations and determinations in this case is inadmissible under Federal Rules of Evidence 401-403 and 802.

### III.  Conclusion.

For the foregoing reasons, any evidence relating to the EEOC and PHRC investigations and determinations in this case are inadmissible under Federal Rules of Evidence 401-403 and 802.

                                        Respectfully submitted,

                                        LAW OFFICES OF NEAL A. SANDERS

Dated: November 29, 2007        By:/s/Neal A. Sanders
                                                   Neal A. Sanders, Esquire
                                                   PA ID NO. 54618
                                                   Co-Counsel for Plaintiff,
                                                   Billy R. Williams

                                        By:/s/Dirk D. Beuth
                                                   Dirk D. Beuth, Esquire
                                                   PA ID NO. 76036
                                                   Co-Counsel for Plaintiff,
                                                   Billy R. Williams

                                        Law Offices of Neal A. Sanders
                                        1924 North Main Street Ext.
                                        Butler, Pennsylvania 16001

                                        (724) 282-7771