IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY R. WILLIAMS, } | |
| } | |
| Plaintiff, } | |
| } | Civil Action No. 03-239 Erie |
| v. } | |
| } | Judge Cohill |
| PENNSYLVANIA STATE POLICE, AN } | |
| AGENCY OF THE COMMONWEALTH } | |
| OF PENNSYLVANIA, } | |
| } | |
| Defendant. } | |

### DEFENDANT'S MOTION IN LIMINE

AND NOW, comes the Defendant, the Pennsylvania State Police, by its attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following comprehensive motion *in limine* based upon the contents of the Plaintiff's Pre-Trial Statement:

1. The Defendant requests that the Plaintiff be barred from introducing, eliciting, or referring to the following matters in the course of presenting his case-in-chief, during cross-examination or in rebuttal:

   a. Any reference to any incident, event, condition or act which occurred prior to July of 1999, the date listed both in the Complaint and the underlying EEOC Charge upon which Plaintiff received his Right to Sue letter, as the point where the instant claims arose;

   b. Any testimony or statement by Erby Conley related to his own personal opinions or beliefs regarding the existence of race based discrimination with the Pennsylvania State Police to the extent that such testimony or statement is not specifically directed or related to the claims raised by the Plaintiff, Billy Williams, and are instead based upon his own experiences and for which he never submitted any claim, charge or complaint, whether formal or informal;

    c.    Any newspaper articles reporting on the Quota Incident at Mercer Station in February of 2000 and accounts of physical altercations between PSP members.

2. The Defendant also requests that the Plaintiff be barred from introducing, eliciting, or referring to the testimony or statements of any witness to the extent that that testimony does not address actions or practices of the Defendant which were not specifically directed toward the Plaintiff at his worksite. In other words, the Defendant objects to any general testimony regarding the existence of alleged discriminatory employment practices that were not directed to, did not involve or did not otherwise affect Plaintiff.

3. The Defendant's supporting brief is incorporated herein by reference.

4. The following exhibits have been attached hereto:

**Exhibit A** – PHRC IN-4 Form (General Questionnaire), 02-26-01

**Exhibit B** – PHRC Complaint, No. 0099029 (EEOC No. 17FA12205), 04-16-01

**Exhibit C** – Plaintiff's Proposed Trial Exhibits 2B through 14

**Exhibit D** – Transcript of Deposition of Billy R. Williams, 10-21-04

**Exhibit E** – Transcript of Deposition of Erby L. Conley, 08-10-04

**Exhibit F** – Plaintiff's Proposed Trial Exhibits 30A, 97, 98

WHEREFORE, the Defendant respectfully requests that the Court grant the foregoing Motion *in Limine*.

                                          Respectfully submitted,

                                          THOMAS W. CORBETT, JR.
                                          Attorney General

                                              s/ Scott A. Bradley

| | |
|---|---|
| Office of Attorney General | Scott A. Bradley |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Avenue | Attorney I.D. No. 44627 |
| Pittsburgh, PA 15219 | |
| Phone: (412) 565-3586 | Susan J. Forney |
| Fax:    (412) 565-3019 | Chief Deputy Attorney General |

Date: December 3, 2007