IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY R. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-239E |
| | : | |
| vs. | : | Hon. Maurice B. Cohill, Jr. |
| | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, AN AGENCY OF THE COMMONWEALTH OF PENNSYLVANIA, | : : : | |
| | : | Electronically Filed |
| Defendant. | : | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

**I. Introduction.**

In this action, the Plaintiff is claiming that the Defendant discriminated against him and subjected him to a hostile work environment because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* In particular, Plaintiff is claiming that the individuals who made the allegedly discriminatory decisions and created the hostile environment were his supervisors, Captain Simon and Major Seilhamer.

The Defendant has filed a motion in limine to exclude evidence concerning events which occurred prior to June 1999, testimony from Captain Conley concerning his experiences while employed by the PSP, and various newspaper articles. Each of the Defendant's arguments is addressed separately below.

## II.  Argument.

**A.  Evidence concerning events that occurred prior to June 1999 is relevant to issues that are central to Plaintiff's claims.**

The Defendant has first moved the Court to exclude evidence of various events and actions which occurred prior to June 1999 on the basis that this evidence is irrelevant.  The basis of the Defendant's argument is that the claims asserted by Plaintiff in both his EEOC charge and federal complaint are limited to events which occurred after this date.  While it is true that Plaintiff's claims are limited to events that occurred in or after June 1999, the Defendant's motion should, nevertheless be denied.

"Relevant evidence" is defined in Rule 401 of the Federal Rules of Evidence (FRE) as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

An essential element of each of Plaintiff's claims is that he was subjected to intentional discrimination because of his race. *See* Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990) (Noting that the first element in a prima facie claim of hostile environment discrimination is that the plaintiff suffered intentional discrimination because of his membership in a protected class); Walton v. Mental Health Ass'n, 168 F.3d 661, 667 (3d. Cir. 1999)(Same); Watson v. SEPTA, 207 F.3d 207 (3d Cir. 2000) (holding that , in pretext cases, a plaintiff must ultimately show that his membership in a protected class was a "determinative factor" in the defendant's employment decision).

Thus, based on the foregoing, any facts which have a tendency to establish that the acts

and events which are at issue in Plaintiff's claims were motivated by Plaintiff's race are relevant.

In this regard, it should also be noted that in <u>Fuentes v. Perskie</u>, 32 F.3d 759, 765 (3d Cir. 1994), the Court specifically acknowledged that evidence showing that the employer in the past had subjected the plaintiff to unlawful discriminatory treatment is relevant in proving that the employer's proffered reason is a pretext for discrimination. Both before and after <u>Fuentes</u>, the Third Circuit has frequently considered events that occurred a number of years prior to the adverse action at issue to determine if the employee has met his burden of proving intentional discrimination. *See*, <u>Healy v. New York Life Ins. Co.</u>, 860 F.2d 1209, 1214-1215 (3d Cir. 1988)(Court examined evidence of the plaintiff's performance over a number of years in order to determine if there was evidence of pretext); <u>Brewer v. Quaker State Oil Refining Corp.</u>, 72 F.3d 326, 331-332 (3d Cir. 1995)(Court considered evidence of plaintiff's performance for several years prior to plaintiff's termination to determine if there was pretext); <u>White v. Westinghouse Elec. Co.</u>, 862 F.2d 56, 61 (3d Cir. 1988)(Court considered evidence contained in a fifteen year old document, but found that it was not evidence that the plaintiff was discriminated against.); <u>Torre v. Casio, Inc.</u>, 42 F.3d 825, 833-834 (3d Cir. 1994)(Court considered remarks made approximately a year prior to the plaintiff's termination.).

Here, the Defendant describes the evidence that it wishes to exclude "anonymous conduct by unknown members of Mercer Station." This is not, however, the case. Rather, the evidence that Plaintiff is seeking to introduce concerns an EEOC complaint, a grievance and several internal complaints of discrimination and harassment that Plaintiff had made complaining of Major Seilhamer's conduct during the period of 1994 through 1998, at which time Seilhamer was

the Captain commanding Troop D. (Williams Dep. pp. 32, 53-54, 111-112 157-158[1]). The subject of these complaints was that Major Seilhamer encouraged baseless complaints against Plaintiff; that Major Seilhamer did not take any remedial action when Plaintiff brought acts of race discrimination and harassment that his subordinates were committing, such as the slashing Plaintiff's tires, the drawing of caricatures of Plaintiff in the dictionary next to the words "afro" and "negro", the covering of the door knob to Plaintiff's office in black ink, and the dismantling of Plaintiff's office chair, to Seilhamer's attention; and that Major Seilhamer discriminated against Plaintiff because of his race when he temporarily transferred Plaintiff in 1994 to fill a Crime Lieutenant position, stripped all of the duties of that position from Plaintiff and assigned those duties to a lower ranking Caucasian. (Williams Dep. pp. 32-34, 36-42).

Certainly, under the precedent cited above, Major Seilhamer's prior decisions concerning Plaintiff and his failure to take any appropriate measures to stop overtly racial actions perpetrated by Plaintiff's subordinates are relevant to the question of whether he was motivated by Plaintiff's race in making the decisions which are at issue.

The Defendant next argues that Plaintiff had received a right to sue letter in 1996 concerning a number of acts and declined to act upon it and, thus, should not be permitted to rely upon the acts raised in that EEOC complaint. However, contrary to the Defendant's inferences, Plaintiff is not seeking to relitigate those issues in the present case. Plaintiff is simply seeking to introduce evidence of Major Seilhamer's prior conduct toward Plaintiff and Major Seilhamer's failure to address overtly racial actions by Plaintiff's subordinates to support the allegation that

---

[1] True and correct copies of the relevant portions of the deposition transcript of Billy Williams are attached to Plaintiff's Opposition to the Defendant's Motion in Limine as Exhibit 1.

Major Seilhamer's decisions and actions which are at issue were motivated by Plaintiff's race. As previously noted, this type of evidence was expressly recognized as relevant to the issue of pretext by the Court in <u>Fuentes</u> and temporally similar evidence has been considered by the Third Circuit on a number of occasions.

The Defendant's final argument is that the evidence it seeks to exclude is not relevant as the acts did not involve Major Seilhamer or Captain Simon and, according to the Defendant, were not reported to them. As previously discussed at length, the evidence which Plaintiff seeks to introduce solely concerns Major Seilhamer's acts and failures to act, and, thus, does involve Major Seilhamer. Furthermore, the Defendant has not identified a single act which was not reported. Rather, as the Defendant itself acknowledges, the majority of the evidence it seeks to exclude is embodied in documents such as an EEOC charge, a grievance and several internal letters of complaint. It is difficult to perceive how Plaintiff would be able to bring such matters to the attention of his superiors any more definitively.

Finally, it should be noted that the Defendant has not cited to any precedent which would permit evidence that is relevant to the motivations of one of the decision-makers for the decisions at issue to be excluded simply because the evidence involves acts which fall outside the 300 day limitation period for EEOC complaints.

Accordingly, the Defendant's Motion in Limine to Exclude evidence of events that transpired prior to June 1999 should be denied.

**B.     Erby Conley's expected testimony is relevant to Plaintiff's claims.**

The Defendant next seeks to exclude the testimony of Erby Conley based on the Defendant's expectation that he will testify concerning his own experiences with race

discrimination while employed by the PSP.

However, Mr. Conley will not be called to present testimony concerning his own experiences with discrimination, otherwise known as "me too" evidence. Plaintiff acknowledges that, in the absence of favorable adjudication of the prospective witness's claims, "me too" evidence is inadmissible.

Rather, Mr. Conley is expected to testify on various matters concerning the Defendant's proffered reasons for its actions, including the following:

- a. That, based on his experience as a PSP Captain, prohibiting Plaintiff from being at Mercer Station after hours would interfere with Plaintiff's ability to administer his station. (Conley Dep. p. 24[2]). This is relevant to Plaintiff's claim of hostile environment discrimination as one of the factors which determines whether conduct is severe and pervasive is whether the conduct unduly interferes with the plaintiff's work performance. *See* Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 371 (1993)

- b. That the number of staff meetings held by Plaintiff was not unusual or excessive. (Conley Dep. pp. 35-36). This is relevant to the issue of pretext as this was one of the items of alleged poor performance that resulted in Plaintiff's transfer from Mercer to Butler.

- c. That Major Seilhamer made comments to Conley concerning Plaintiff that were not true. (Conley Dep. pp. 18-19, 49). This is relevant to the issue of Major Seilhamer's motivations for his decisions concerning Plaintiff.

- d. His observations concerning Plaintiff's performance while Plaintiff was assigned to Mercer station. (Conley Dep. pp. 13-14, 28-29). This is relevant to the issue of pretext as the Defendant has claimed that it was poor performance that resulted in Plaintiff's transfer from Mercer to Butler.

- e. His observations concerning Plaintiff's performance during the period that he supervised Plaintiff. (Conley Dep. pp. 13-14). This is relevant to the

---

[2] True and correct copies of the relevant portions of the deposition transcript of Captain Erby L. Conley are attached to Plaintiff's Opposition to Defendant's Motion in Limine as Exhibit 2.

issue of pretext as the Defendant has claimed that it was poor performance that resulted in Plaintiff's transfer from Mercer to Butler.

The Defendant's argument that Mr. Conley's testimony would be unfairly prejudicial is also based on the erroneous assumption that he would be offering "me too" testimony. As this is not the case, the Defendant's argument under Rule 403 is moot.

Thus, while Plaintiff will consent to an order excluding Captain Conley from presenting "me too" testimony, the Defendant's Motion in Limine seeking to preclude Captain Conley from testifying should be denied as he is expected to present a wide range of testimony that is relevant to a number of issues.

C. **The newspaper articles listed by Plaintiff as potential exhibits are admissible.**

The Defendant's final argument is that the newspaper articles listed as potential exhibits by the Plaintiff are inadmissible hearsay. However, the articles are not being offered for the truth of the matter asserted.

First, several of the articles contain statements made by Captain Simon concerning the initiation and findings of the investigation conducted at Mercer station to determine if a traffic citation quota had been implemented. These articles are not being introduced to prove or support the fact that there was not a quota system in place at Mercer station. The truth of this fact will be established through witness testimony and properly authenticated internal memoranda. Instead, the purpose of these articles is to establish that Captain Simon made the statements attributed to him in the articles. These statements, which are the opposite of the findings made by Captain Simon in his September 15, 200 summary report, are relevant to the issue of pretext. Other Courts have found that newspaper articles are admissible to show that the declarants made the

statements attributed to them.  *See* Martin v. City of Indianapolis, 192 F.3d 608, 613 (7th Cir. 1999).

Accordingly, the Defendant's Motion in Limine to exclude Plaintiff's exhibit 30 should be denied.  Plaintiff consents to the exclusion of exhibits 97 and 98.

### III.  Conclusion.

For the foregoing reasons, the Defendant's Motion in Limine should be denied with the exception of Plaintiff's exhibits 97 and 98.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Dated:  December 5, 2007        By:/s/Neal A. Sanders
                                Neal A. Sanders, Esquire
                                PA ID NO. 54618
                                Co-Counsel for Plaintiff,
                                Billy R. Williams


                                By:/s/Dirk D. Beuth
                                Dirk D. Beuth, Esquire
                                PA ID NO. 76036
                                Co-Counsel for Plaintiff,
                                Billy R. Williams

                                Law Offices of Neal A. Sanders
                                1924 North Main Street Ext.
                                Butler, Pennsylvania 16001

                                (724) 282-7771